Ch 13 Model Plan (rev 12-2019)

UNITED STATES BANKRUPTCY COURT
Southern District of Indiana

In re:
                                            )
PHILLIP & TABETHA RICHARDSON,   )
         Debtor(s).                )        Case No.

# CHAPTER 13 PLAN

☑ Original
Amended Plan # _____

### 1. NOTICE TO INTERESTED PARTIES:

The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if neither box is checked, or if both boxes are checked, the provision will be ineffective if set out later in the plan.

**1.1 A limit on the amount of a secured claim, pursuant to paragraph 8.(b), which may result in a partial payment or no payment at all to the secured creditor.**   ☐ Included   ☑ Not Included

**1.2 Avoidance of a judicial lien or nonpossessory, non-purchase money security interest. Any lien avoidance shall occur by separate motion or proceeding, pursuant to paragraph 12.**   ☑ Included   ☐ Not Included

**1.3 Nonstandard provisions, set out in paragraph 15.**   ☑ Included   ☐ Not Included

### 2. GENERAL PROVISIONS:

**(a) YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Court.

**(b) PROOFS OF CLAIM:** You must file a proof of claim to receive distributions under the plan. Absent a Court order determining the amount of the secured claim, the filed proof of claim shall control as to the determination of pre-petition arrearages; secured and priority tax liabilities; other priority claims; and the amount required to satisfy an offer of payment in full. All claims that are secured by a security interest in real estate shall comply with the requirements of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

**(c) NOTICES RELATING TO MORTGAGES:** As required by Local Rule B-3002.1-1, all creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1 (b) and (c) without regard to whether the real estate is the Debtor's principal residence. If there is a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the new servicer, the payment address, a contact phone number and a contact e-mail address.

**(d) NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 8(c) (whose rights are not being modified) or in Section 11 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

**(e) EQUAL MONTHLY PAYMENTS:** As to payments required by paragraphs 7 and 8, the Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

**(f) PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

**3. SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

**4. PLAN TERMS:**
**(a) PAYMENT AND LENGTH OF PLAN:** Debtor shall pay $ 1,912.00  per month to the

Trustee, starting not later than 30 days after the order for relief, for 60 months, for a total amount

of $ 114,720.00 .

Additional payments to Trustee and/or future changes to the periodic amount proposed are:

> A portion of Debtor(s)' federal tax refunds based on the following formula: Debtor(s) shall pay the Trustee, each year of the Plan, their federal (not state) tax refund MINUS any credits (such as tax credits, child care credits, etc) MINUS $750.00 per Debtor (i.e. minus $1,500 in a joint case), rounded down to the nearest $500.00

**(b) INCREASED FUNDING:** If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. However, if the Trustee elects to take less than 100% of the property to which the estate may be entitled OR less than the amount necessary to pay all allowed claims in full, then a motion to compromise and settle will be filed, and appropriate notice given.

**(c) CURING DEFAULTS:** If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor(s) will increase the periodic payment amount or that

the time period for making payments will be extended, not to exceed 60 months.  Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

**(d) OTHER PLAN CHANGES:**  Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329. Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(h), unless otherwise ordered by the Court.

## 5. PAYMENT OF ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):

☐ NONE

All allowed administrative claims will be paid in full by the Trustee unless the creditor agrees otherwise:

| Creditor | Type of Claim | Scheduled Amount |
|---|---|---|
| Joseph A. Ross | Attorney Fees | $4,000.00 |
|  |  |  |

## 6. PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

 NONE

 **(a) Ongoing Domestic Support Obligations**:  Debtor shall make any Domestic Support Obligation payments that are due after the filing of the case under a Domestic Support Order directly to the payee.

| Creditor | Type of Claim | Payment Amount |
|---|---|---|
|  |  |  |

**(b) Domestic Support Obligation Arrears:**

 NONE

The following arrearages on Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
|  |  |  |  |

## 7. PAYMENT OF SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE:

☐ NONE

3

As required by Local Rule B-3015-1(a), if there is a pre-petition arrearage claim on a mortgage secured by the Debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the Debtor may pay the secured creditor directly. Before confirmation, the payment to the mortgage lender shall be the regular monthly mortgage payment unless otherwise ordered by the Court or modified pursuant to an agreement with the mortgage lender. After confirmation, payment shall be as set forth below. Equal Monthly Amount and Estimated Arrears listed below shall be adjusted based on the filed claim and/or notice. <u>Delinquent real estate taxes and homeowners' association or similar dues should be treated under this paragraph</u>.

| Creditor | Residential Address | Estimated Arrears | Equal Monthly Payment | Mortgage Treatment |
|---|---|---|---|---|
| Wilmington Savings Fund Society, FSB,d/b/a Christ C/O SN Servicing | 11329 East State Road 54, Bloomfield, IN 47424 | $13,688.79 | $627.43 | ☑ Trustee pay<br>☐ Direct pay |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

### 8.  <u>PAYMENT OF SECURED CLAIMS OTHER THAN CLAIMS TREATED UNDER PARAGRAPH 7</u>:

**(a) Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Not Applicable:**

☐ NONE

Pursuant to Local Rule B-3015-1(c), and unless otherwise ordered by the Court, prior to plan confirmation, as to secured claims not treated under paragraph 7 and as to which valuation under 11 U.S.C. § 506 is not applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of a filed secured claim. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly.  After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim the filed claim amount with interest at the rate stated below.

| Creditor | Collateral | Purchase Date | Estimated Claim Amount | Interest Rate | Equal Monthly Amount |
|---|---|---|---|---|---|
| Kitch Accept | 2013 VW Beetle | 6/7/2019 | $12,870.00 | 4.25% | $238.01 |
|  |  |  |  |  |  |

**(b) Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Applicable:**

4

☑ NONE

Pursuant to Local Rule B-3015-1(c), and unless otherwise ordered by the Court, prior to plan confirmation as to secured claims not treated under paragraph 7 but as to which § 506 valuation is applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of the value of the collateral in column 5. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay the holder of each allowed secured claim in the manner set forth below.

| Creditor | Collateral | Purchase Date | Scheduled Debt | Value | Interest Rate | Equal Monthly Amount |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**(c) Curing Defaults and/or Maintaining Payments:**

☑ NONE

Trustee shall pay the allowed claim for the arrearage, and Debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate |
|---|---|---|---|
| | | | |

**(d) Surrendered/Abandoned Collateral:**

☐ NONE

The Debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. § 362 is terminated as to, the listed collateral and the automatic stay pursuant to 11 U.S.C. §1301 is terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in paragraph 10.(b) below. Upon confirmation, the secured creditor is free to pursue its *in rem* rights.

| Creditor | Collateral | Surrendered/Abandoned | Scheduled Value |
|---|---|---|---|
| Mariner Finance, LLC | 2000 Nissan Xterra | ○ Abandoned ☑ Surrendered | $1,000.00 |
| EAGLE FINANCIAL SERVICES, INC. | 1999 Lincoln Navigator | ○ Abandoned ☑ Surrendered | $500.00 |

**9. SECURED TAX CLAIMS AND 11 U.S.C. § 507 PRIORITY CLAIMS:**

☐ NONE

5

All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise.

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| Indiana Dept of Revenue | Taxes | $1,300.00 | Pay priority portion in full with no interest through the Plan and pay secured portion in full with appropriate interest in full through the Plan, and treat non-priority, unsecured portion with general unsecured creditors |
|  |  |  |  |

## 10. NON-PRIORITY UNSECURED CLAIMS:

**(a) Separately Classified or Long-term Debts:**

☐ NONE

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| Department of Education/582/Nelnet | Long term, non-dischargeable student loans | Pay outside the Plan | $67,391.00 | Contract Rate(s) |
| Navient | Long term, non-dischargeable student loans | Pay outside the Plan | $88,562.00 | Contract Rate(s) |
| Nelnet | Long term, non-dischargeable student loans | Pay outside the Plan | $9,391.00 | Contract Rate(s) |

**(b) General Unsecured Claims:**

◯ Pro rata distribution from any remaining funds; or

☑ **Other: 100% of allowed unsecured claims shall be paid through the Plan with the exception of those claims separately treated in 10(a), above, due to DMI**

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

☐ NONE

All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

6

| Creditor | Property Description |
|---|---|
| AT&T Mobility | Cells |
| Xfinity | ISP |

## 12. AVOIDANCE OF LIENS:

☐ NONE

Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount to be Avoided |
|---|---|---|
| GMG MOTORS INC | 11329 East State Road 54, Bloomfield, IN 47424 | $15,473.05 |
| PERSONAL FINANCE COMPANY LLC | 11329 East State Road 54, Bloomfield, IN 47424 | $4,898.03 |

**13. LIEN RETENTION:** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of a discharge order under 11 U.S.C. §1328.

**14. VESTING OF PROPERTY OF THE ESTATE:** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. §1306.

## 15. NONSTANDARD PROVISIONS:

☐ NONE

Under FRBP 3015(c), nonstandard provisions are required to be set forth below. Any nonstandard provision placed elsewhere in the plan is void. These plan provisions will be effective only if the included box in Paragraph 1.3 of this plan is checked.

**(a)** Any unsecured creditor that fails to timely file an Appearance or Proof of Claim shall be deemed to have waived any requirement/entitlement to Distribution or Notice of any Amendments, Modifications, or Orders.
**(b)** Equal Monthly Amount Payments shall not commence upon Confirmation of Plan. Instead, Adequate Protection Payments shall continue post-confirmation for an estimated 3 months (approximately) during which time Administrative Expenses shall be paid pursuant to 11 U.S.C. § 1326(b)(1). Upon payment of Administrative Expenses, Equal Monthly Amount Payments shall begin and Adequate Protection Payments shall immediately cease.
**(c)** The Trustee shall pay in full all administrative, secured, and priority claims prior to any distribution to unsecured creditors.
**(d)** In the event relief from stay and/or abandonment is granted to any creditor or party in interest

as to any obligation of Debtor(s), or Debtor(s) elect (either pre-confirmation or post-confirmation) to surrender any property held by the Debtor(s) subject to a purchase or lease agreement, or upon expiration of the lease term, then said creditor or party in interest shall be entitled to a general unsecured claim only, paid pro-rata with other general unsecured claims, and Debtor(s)' personal liability on said obligation shall be discharged upon Debtor(s) receiving a discharge following completion of Plan. In order to be allowed a general unsecured claim, the creditor must comply with Bankruptcy Rule 3002(c)(3).

**(e)** Debtor(s) hereby revoke any authorization or perceived authorization to receive phone calls pursuant to Telephone Consumer Protection Act as specified under 47 U.S.C. 227(b)(1)(A).

**(f)** Debtor(s) hereby revoke any mediation, arbitration or any other forum specified in any contract or negotiable instrument entered into prior to the date of the bankruptcy filing.

**(g)** Amount(s) paid in section 8(a) shall include all warranties, service agreements, guarantees and insurance policies included in the purchase price of the collateral, including but not limited to GAP insurance, dent and ding insurance, roadside assistance agreements, life insurance, warranties, etc.

Date: 9/24/2020        /s/ Phillip Richardson
Signature of Debtor

　　 Phillip Richardson
Printed Name of Debtor

　　 /s/ Tabetha Richardson
Signature of Joint Debtor

　　 Tabetha Richardson
Printed Name of Joint Debtor

　/s/ Joseph A. Ross
Counsel for Debtor(s): Joseph A. Ross
Address:              1503 West Arlington Road
City, State, Zip:     Bloomington, IN 47404
Area code and phone: 812.339.3440
Area code and fax:    812.323.7677
E-mail address:       rossfiling@rosslawoffice.com

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form plan adopted by this Court, other than any nonstandard provisions included in paragraph 15.